CAMBERS v. FIRST NAT. BANK OF BUTTE.

(Circuit Court, D. Oregon. December 12, 1904.)

No. 2,858.

1. INDEMNITY—DEPOSIT TO INDEMNIFY SURETIES—RECOVERY BY DEPOSITOR.

One who deposited a sum of money with a bank, to be held by it to indemnify certain persons from liability as sureties on injunction bonds given by him, can recover it back only by showing that such persons have been discharged from liability on the bonds, or that by some act of theirs they have forfeited their right to the indemnity; and a complaint does not state a cause of action on the former ground by an allegation that an execution issued on a judgment rendered in the action against the depositor was returned satisfied, where it also shows that the return was subsequently amended to show that the execution was not satisfied, and it is not alleged that the judgment was in fact paid, nor on the latter ground by allegations that the persons indemnified joined in a conspiracy to defeat an appeal taken by plaintiff from the judgment by causing the withdrawal of the supersedeas bond given or procured by them, where, under the law of the state, such appeal would only have been effective if taken from a subsequent order denying plaintiff's motion for a new trial, and it does not appear that he made any attempt or intended to appeal therefrom.

2. SAME—ACTION TO RECOVER DEPOSIT—PARTIES.

To an action to recover money deposited by plaintiff with a bank, to be held by it to indemnify third persons against liability as sureties for plaintiff, on the ground that by their acts and conduct they have forfeited the right to such indemnity, such persons are necessary parties.

At Law. On demurrer to complaint.

Veazie & Freeman, for plaintiff.

Dolph, Mallory, Simon & Gearin, for defendant.

BELLINGER, J. The facts upon which Cambers, the plaintiff, seeks to recover in this action, are substantially these: Cambers deposited with the defendant $10,000, to be held by the latter to indemnify Andrew J. Davis and George W. Andrews against liability upon two certain injunction bonds executed by them in behalf of Cambers, and to be used in securing a supersedeas bond on appeal from a judgment rendered against him in the action in which the injunction bonds were executed, to stay execution during the pendency of a motion for a new trial. By the laws of Montana, all questions of law involving matters of fact, the introduction of evidence, and the giving or refusal to give instructions, can only be raised by appeal from an order denying a motion for a new trial. All of the errors relied upon by Cambers in that action were connected with matters of fact, and were rulings as to the introduction of evidence and the giving and refusal to give instructions, so that all the questions relied upon to reverse the judgment had to be raised by appeal from the order denying the motion for a new trial. There was no appeal taken from this order, but prior thereto there had been an appeal from the judgment, and a supersedeas bond given, with one Oppenheimer and one O'Rourke as sureties. This bond had been procured and caused to be filed by Davis and Andrews, for whose indemnity upon the injunction bonds theretofore given the deposit in question was made. It is alleged that thereafter, and while Cambers was in Jackson county, Or., and while his appeal was being perfected, Davis and Andrews entered into a fraudulent conspiracy with the plaintiffs in the action to defeat Cambers' appeal; that by such conspiracy it was agreed that Davis and Andrews should not be liable upon the judgment appealed from, but should be released from liability thereon, and that the parties should act together to defeat the appeal; that, in furtherance of such conspiracy, the conspirators caused an action to be brought in Jackson county, Or., by the plaintiffs in the Montana judgment, for the recovery of the amount of that judgment, namely, $12,500, and on the 5th of November, 1902, without Cambers' knowledge, and while he was in Oregon, Davis and Andrews fraudulently stipulated with the plaintiffs in the Montana judgment that the bond on appeal from that judgment should be withdrawn, and the sureties on such bond exonerated, and the stay vacated, which stipulation was filed, and an order of court procured accordingly, as to all of which Cambers was without knowledge until it was too late to file an additional undertaking on appeal, by which means his right of appeal was defeated; that, except for this fraudulent conduct, such appeal would have been perfected. Before the stay upon the judgment, an execution had been issued, which was in the sheriff's hands when the stay became operative. On about the 21st of August, 1902, the sheriff, under the direction of the plaintiffs in the Montana action, returned the execution in his hands as fully satisfied; and the clerk entered a satisfaction of the judgment upon the judgment docket of the court, as he was by law required to do. It is not alleged that this return and sat-

isfaction was procured in pursuance of the alleged conspiracy, or was subsequent thereto. It is further alleged that about November 13, 1902, and after the return day of the writ, in pursuance of the alleged conspiracy, and in accordance with a written stipulation therefor, the sheriff's return was amended so as to show that the judgment in question was not satisfied. It is alleged that this plaintiff, Cambers, was ignorant of all these proceedings, and that neither Andrews nor Davis, nor the sureties in the stay bond, have ever paid anything on account of the judgment in question; and it is alleged, presumably as a conclusion from the facts stated, that they are not legally liable to pay anything on that account. Do these facts constitute a cause of action, and are Andrews and Davis necessary parties?

The allegation that the conspiracy was entered into while Cambers was in Jackson county, Or., and "while his appeal was being perfected," must refer to the appeal from the judgment which was taken in July, 1902, on which a supersedeas bond—the only one in the case—had been given. As just stated, no appeal had been taken from the order entered on the 18th day of October following, denying the motion for a new trial, although all the questions relied upon by the plaintiff here to reverse the judgment against him were required to be presented by such an appeal. He was in Jackson county when he learned of the withdrawal of the supersedeas bond, and he alleges that there was not then remaining sufficient time within which to "prepare and file an additional undertaking on appeal from said judgment." The date at which he learned of the canceling of the bond is not stated, and the court cannot know whether the conclusion pleaded as to the insufficiency of the time within which to prepare and file a new undertaking is justified by the facts. But more important is the fact that it is not alleged that any act of the defendants prevented him from taking an appeal from the order on his motion for a new trial, or that there was any intention on his part to take such an appeal; and, without that appeal, there could be no review of the errors upon which he relied. He alleges that, at the time the written agreement between the parties was entered into, it was agreed between Davis and Andrews and himself that the three should jointly prosecute an appeal, and should use their joint efforts to procure a supersedeas bond. This was on April 19, 1902, and on July 23d a supersedeas bond was filed on the appeal from the judgment rendered. Notwithstanding the allegation as to the agreement that the three parties were to join in prosecuting an appeal, the written agreement between them, executed at the same time, and made a part of the complaint, stipulates that, if the District Court refuses to grant him a new trial, Cambers will perfect his appeal to the Supreme Court of Montana, and give a good and sufficient stay bond pending said appeal. By this written contract Andrews and Davis assume no obligation in respect to the appeal, except to permit Cambers to use the $10,000 deposited to indemnify them against liability on the injunction bonds, in assisting him (Cambers) "in securing said supersedeas bond." The stipulations in this writing are conclusive between the parties of the facts to which they relate. It is not claimed by Cambers that he has discharged the liability for which Davis and Andrews are held upon their bonds of in-

demnity, but he alleges, as his conclusion of the legal effect of the return of satisfaction made by the sheriff, that they are discharged from such liability. But this contention cannot be sustained. If the judgment was not in fact satisfied, and the amended return conforms to the fact, then their liability is not discharged. A sheriff's return may be amended by permission of the court even after his term of office has expired, so that it will be made to speak the truth. 25 Encyclopedia of Law, p. 780. Upon the facts as they appear, Davis and Andrews are still liable upon their bond, if they have not already paid the judgment; and, while that liability continues, Cambers cannot recover the money deposited for their indemnity, unless they have done something to forfeit their right to indemnity.

How is the court to ascertain the extent of the injury and damage, if any, that has resulted to Cambers from the acts complained of? There is no presumption that the judgment appealed from would have been reversed or modified on appeal. It cannot be known whether the trial court erred in its judgment, to Cambers' prejudice; and, while the thing complained of constitutes a legal wrong, it cannot be known what, if any, loss and damage have resulted. If this court, upon a hearing relative to the matter, should conclude that the judgment against Cambers was the result of error, this would be merely a matter of the opinion of one court against that of another court of equal authority. It cannot be determined that the right of which Cambers claims to have been deprived had any value, and so there is nothing tangible which he can oppose to the right of indemnity secured to Andrews and Davis in their contract with him. Furthermore, it does not appear that the appeal in question was prevented by the alleged withdrawal of the appeal bond. The alleged wrongful act of the plaintiff in the judgment appealed from, in collusion with Andrews and Davis, whose only relation to the action was that of suretyship, could not defeat the appeal. The act complained of was unauthorized and ineffective to prejudice the defendant in the action. It is legally impossible for a respondent in an appeal to defeat the appeal by wrongfully procuring the withdrawal or cancellation of the appeal bond. But without all this, the fact already stated—that there was no appeal, nor attempted appeal, nor, so far as appears, intention to appeal, from the order denying the motion for a new trial, and that that was the only appeal upon which the errors relied upon by Cambers could be reviewed—disposes of the case.

So far as the question of parties is considered, the defendant has no interest in the controversy, and is not involved in the acts and conduct upon which plaintiff bases his right to recover in the action. The complaint is that there has been a violation of plaintiff's right by Andrews and Davis, conspiring with others not in the case. It is solely a question of right between the plaintiff, on the one side, and Andrews and Davis, on the other. They are the sole and immediate disputants.

It is argued, in effect, that Andrews and Davis are not necessary parties, because a judgment against the defendant will enable the plaintiff to get what he wants; and the inference is that any inconvenience, expense, and loss that may otherwise result to the defendant in recouping its loss from the real parties in interest should not be considered,

because these matters do not concern the plaintiff. But the law has regard to the rights of the defendant, equally with those of the plaintiff; and it does not comport with justice that the defendant, having no interest in the controversy, shall be compelled to maintain the dispute of Andrews and Davis against the plaintiff, and thereafter maintain the plaintiff's side of the same dispute against Andrews and Davis, to recoup for its expenses of litigation, and for such judgment as the plaintiff may have recovered against it. It is no answer to the plain requirements of the case to say that the defendant can have Andrews and Davis made parties. It is the plaintiff's business to bring his action against the parties whose conduct he complains of, and with whom, upon his own showing, he has the dispute to be decided.

The demurrer to the complaint is sustained.